**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>HILL TOP REAL ESTATE, LLC,<br><br>　　　　　Debtor. | Case No. 19-27845-A-11<br><br>FWP-3 |

**Order Regarding Motion to Determine Adequate Assurance for Post-Petition Utility Services by SMUD**

Since it is true that:

1. on December 20, 2019, debtor Hill Top Realty, LLC ("Hill Top") filed chapter 11 bankruptcy;
2. Hill Top receives utility services within the meaning of 11 U.S.C. § 366 from Sacramento Utilities District ("SMUD");
3. 11 U.S.C. § 366 controls the manner and amount of adequate assurance of payment that a utility may demand from a debtor as a condition of it continued provision of post-petition utility services;
4. SMUD has demanded receipt of certified funds in the amount of $10,000 not later than Saturday, January 18, 2020, as a condition of continuing to provide Hill Top with utility services, Emergency Motion ¶ 3, January 8, 2020, ECF # 20;
5. in response, Hill Top has proposed (A) "furnishing a fourth position lien" against Hill Top's real property; and/or (B) "cash deposit" in "the sum of the last pre-petition month of billings," which the debtor "estimates is less than $5,000", *Id.* at p.1 line 22, p. 2, lines 13-15;
6. Hill Top now seeks an order shortening time for a hearing pursuant to 11 U.S.C. § 366(c)(3) to determine the adequacy of assurance of payment it has proposed;
7. as a matter of law, SMUD is prohibited from terminating or otherwise interfering with utility services to Hill Top prior to Wednesday, January 22, 2020;[1] and

---

[1] 11 U.S.C. § 366(c) applies to chapter 11 cases and provides the debtor a "30-day period" to provide its utility providers, i.e. SMUD, with adequate assurance of payment, as determined by agreement of the parties or order of this court. Here, the petition was filed on Friday, December 20, 2019. Calculating that period in the manner specified in Fed. R. Bankr. P. 9006(a)(1), the last day would be Sunday, January 19, 2020. Monday, January 20, 2020, is a legal holiday, i.e. Martin Luther King, Jr.'s Birthday. *Id.*

8. Hill Top has not yet stated a prima facie case for relief under § 366(c), *In re Great Atlantic & Pacific Tea Co., Inc.*, 2011 WL 5546954 *4 (S.D. N.Y. November 14, 2011) (the debtor bears the burden of proof), because: (A) a lien is not adequate assurance of payment, 11 U.S.C. § 366(c)(1)(A) (omitting lien is a means of adequate assurance); *In re New Rochelle Tel. Corp.*, 397 B.R. 633, 638-39 (Bankr. E.D. N.Y. 2008); and (B) payment of "the last prepetition month of billings" estimated to be "less than $5,000," (1) lacks "particularity," Fed. R. Bankr. P. 9013; and (2) is not supported by "facts" backed by a declaration by a person with personal knowledge, LBR 9014-1(d)(3)(D); *Great Atlantic*, 2011 WL at *4 (noting a "fact-driven analysis").[2]

It is hereby ordered that:

1. SMUD shall not terminate or otherwise interfere with utility services to Hill Top Realty, LLC prior to the third business day after the order granting or denying the debtor's motion to determine adequate assurance of payment;

2. the 30-day period described in 11 U.S.C. § 366(c)(2) is enlarged through and including the final hearing on this motion, Fed. R. Bank. P. 9006(b); *Great Atlantic*, 2011 WL *7;

---

at 9006(a)(6)(A). As a result, the 30-day period would end on Tuesday, January 21, 2020. Id. at 9006(a)(1)(C). But even if that were not true, this court would extend the 30-day period to the midnight on Tuesday, January 21, 2020. Id. at 9006(b); *In re Great Atlantic & Pacific Tea Co., Inc.*, 2011 WL 5546954 *7 (S.D. N.Y. November 14, 2011) (applying Rule 9006(b) to §§ 366(b), (c), the court found good cause for enlargement of the protective period to accommodate a final hearing date authorizing relief sought in the utility motion).

[2] The declaration of David Carter "proposed CRO" does not show personal knowledge and is insufficient. Carter decl., January 8, 2020, ECF # 21.

3. Hill Top Realty, LLC's motion to determine adequate assurance of payment is set for hearing on Tuesday, January 21, 2020, at 9:00 a.m. in Department A, Courtroom 28, Seventh Floor, United States Courthouse, 501 I Street, Sacramento, CA;

4. Hill Top Realty, LLC:

   A. shall (1) serve a copy of this order on SMUD in the manner specified in Fed. R. of Bankr. P. 7004; (2) provide by expedited delivery method, e.g. email, facsimile transmission or otherwise, a copy of this order to those persons/offices described in the Proof of Service, January 8, 2020, ECF # 22, and (3) file a Certificate of Service so indicating, not later than close of business on Monday, January 13, 2020;

   B. (1) may augment the record as to the facts demonstrating adequate assurance of payment; (2) shall serve any and all such documents on SMUD; and (3) shall file a Certificate of Service so indicating, not later than 12:00 p.m. (noon) on Wednesday, January 15, 2020;

5. SMUD (1) may file opposition to the motion; (2) shall serve any and all such opposition; and (3) shall file a Certificate of Service so indicating, not later than 12:00 p.m. (noon) on Friday, January 17, 2020; and

6. when estimating the amount of the adequate assurances of payment under § 366(c) the parties are requested to consider and address SMUD's ability to seek redress in the event of the debtor's failure to comply with the terms of

an adequate assurance order or the need to further modifying this order arising from: (A) SMUD's customs and practices in compiling and sending the debtor with invoices for utilities provided post-petition; (B) a reasonable period for the debtor to remit payment; (C) the time necessary for SMUD to receive and account for the debtor's payment; and (D) the presumptive notice periods specified by LBR 9014-1(f)(1),(2).

Dated: Jan 13, 2020

_____
Fredrick E. Clement
United States Bankruptcy Judge

5

# Instructions to Clerk of Court
**Service List - Not Part of Order/Judgment**

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| **Debtor**(s) | **Attorney for the Debtor**(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA  95814 |
| **All Creditors in interest** | |