**5 Pages**

THOMAS A. WILLOUGHBY, State Bar No. 137597
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
twilloughby@ffwplaw.com
jniemann@ffwplaw.com

Attorneys for Hill Top Real Estate, LLC,
Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re: | CASE NO.: 19-27845-A-11 |
| HILL TOP REAL ESTATE, LLC, a California limited liability company, | Chapter 11 |
| | DCN: FWP-5 |
| Debtor-In-Possession. | [NO HEARING REQUIRED] |

**DEBTOR'S APPLICATION FOR ORDER SHORTENING TIME FOR SERVICE AND HEARING ON EMERGENCY MOTION TO DISMISS CHAPTER 11 CASE AND TO RETAIN JURISDICTION TO ADJUDICATE FEE APPLICATIONS**

Hill Top Real Estate, LLC, a California limited liability company, the Debtor and Debtor-in-Possession herein (the "Debtor"), hereby files this Application for an Order Shortening Time for Service and Hearing on Emergency Motion to Dismiss Chapter 11 Case and to Retain Jurisdiction to Adjudicate Fee Applications (the "Dismissal Motion") and respectfully represents as follows:

**JURISDICTION AND VENUE**

1.    This application is made pursuant to Federal Rule of Bankruptcy Procedure 9006(c)(1), Local Rules 9014-1(f)(3) and (4), and any other applicable law.

**REQUEST FOR RELIEF**

2.    The Debtor respectfully requests that the Court:

a.    Shorten time for a hearing on the Dismissal Motion, setting a hearing on or before February 4, 2020;

b.      Require the Debtor to serve the Dismissal Motion on January 24, 2020, via mail, on the U.S. Trustee, all secured and unsecured creditors in the case, the applicable governmental entities, and parties that have requested special notice (the "All Creditor and Parties in Interest List").[1]

c.      Require that opposition, if any, to the granting of the relief sought in the Dismissal Motion may be raised at the hearing; and

d.      Grant such other relief as is just and appropriate given the circumstances of the Dismissal Motion and this case.

## BACKGROUND

3.      The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Case") on December 20, 2019 (the "Petition Date").

4.      The Debtor is operating and managing its business as a debtor-in-possession pursuant to the provisions of Sections 1107 and 1108 of the Bankruptcy Code

5.      The Debtor owns real property located at 1050 Iron Point Road, Folsom, California (the "Subject Property"), which ultimately will house six different inter-related medical practices as follows:

a.      An existing Family Practice and Sports Medicine group ("Elevation Physicians"), which is operated by Dr. Hill, the Manager of the Debtor;

b.      An Emergent Care practice that can provide medical care and advance diagnostic testing throughout the day and evening—without the wait or expense of an emergency room;

c.      An existing movement and cognition lab that provides state-of-the-art metabolic, strength and agility testing to help prevent and manage disease;

d.      An existing full-service pharmacy;

e.      A full-service imaging center that will feature state-of-the-art MRI, X-ray, ultrasound, low radiation CT and DEXA (high-precision x-ray that measures bone density)

---

[1] The reason the Dismissal Motion is not filed concurrently herewith is that the dismissal and forbearance agreement was reached just prior to the Court's January 22, 2020 calendar, and additional time is needed to draft the more complete Dismissal Motion.

DEBTOR'S APPLICATION FOR
ORDER SHORTENING TIME

1  scans; and

2          f.      An on-site lab that will offer full-spectrum analysis and results of tests

3  while the patient waits.

4          6.      The Debtor plans to house all six of these practices at the Debtor's real property

5  (the "V5 Medical Campus").

6          7.      The Debtor's concept to house these six inter-related medical practices under one

7  roof lies with the economies of scale that will enable the provision of testing and scanning

8  services to patients at a fraction of the cost for such services at a full-service hospital.

9          8.      The scanning and testing services at the V5 Medical Campus will also help

10 reduce the significant delays patients in the Folsom, and greater Sacramento area face in

11 obtaining critical scans, especially cancer scanning.

12         9.      The Debtor has no patients and no medical records. Its business involves the

13 ownership of the Subject Property to be the home of the V5 Medical Campus and approximately

14 $3,000,000 in medical and office equipment to be leased to medical office tenants of the V5

15 Medical Campus.

16         10.     The Debtor filed the Case to stop a foreclosure sale of the Subject Property.

17                              **REASON FOR SHORTENED TIME**

18         11.     As described in the Declaration of the Debtor's CRO, David Carter, filed

19 concurrently herewith (the "Carter Declaration"), since the filing, the Debtor has received no

20 income from rents and does not anticipate any income from rents during the pendency of this

21 Chapter 11 Case with which it can pay the minimal operating costs of operation.

22         12.     To operate and fund required fees, the Debtor has been seeking a Debtor in

23 Possession financing of approximately $125,000. Additional funding would be required to exit

24 Chapter 11.

25         13.     Since the Petition Date, the Debtor has been in negotiations with multiple

26 potential investor/lender groups, as well as the Debtor's existing secured creditor SCF NBL

27 LCC ("Stonebriar").

28         14.     Stonebriar and the Debtor have entered into a tentative agreement whereby

-3-

DEBTOR'S APPLICATION FOR
ORDER SHORTENING TIME

1    Stonebriar would agree to forebear from foreclosing on the Subject Property for 120 days, but a

2    condition of the agreement is that the present Chapter 11 case be dismissed promptly.

3        15.    Stonebriar and Jeffrey Von Hill, DO PA (aka "Elevation Physicians") are also in

4    negotiations regarding a separate line of credit that would allow Elevation Physicians to fund the

5    maintenance of the Subject Property during the 120-day forbearance period while all parties and

6    potential investors can negotiate an overall resolution and restructuring of the debt of the Debtor

7    and the other related entities in the V5 Medical Campus.

8        16.    The Debtor, Elevation Physicians and Stonebriar prefer to have the hearing on the

9    Dismissal Motion as soon as possible, and the Debtor requests that the Court shorten time to

10   allow the hearing to be set on the Court's February 4, 2020 calendar.

11       **THE COURT MAY SHORTEN TIME TO HEAR THE DISMISSAL MOTION**

12       17.    Bankruptcy Rule 2002(a)(1) requires twenty-one days' notice of a motion to

13   dismiss a Chapter 11 case.

14       18.    The Court, however, the court "for cause shown may in its own discretion with or

15   without motion or notice order the period reduced." Bankruptcy Rule 2002(c)(1).

16       19.    The Debtor respectfully submits that cause exists to shorten the time to hearing

17   the Dismissal Motion.

18       20.    Because the forbearance agreement commences on January 22, 2020, and

19   because the restructuring of all the different and interrelated debt at the V5 Medical Campus is

20   dependent on the prompt dismissal of the Chapter 11 case, the Debtor respectfully requests that

21   the Court shortens time for service of the Dismissal Motion from fourteen (14) days with

22   opposition at the hearing to eleven (11) days notice also with opposition at the hearing.

23       21.    Additionally, the lack of any income during the Chapter 11 case hampers the

24   Debtor and related parties in their effort to cure the lack of cash flow to the Debtor.

25       22.    To provide the maximum notice possible, the Debtor is also serving this

26   Application and the Carter Declaration on the All Creditors and Parties in Interest List so

27   everyone entitled to notice will receive notice that the Dismissal Motion is forthcoming thirteen

28   (13) days before the proposed February 4, 2020 hearing date.

DEBTOR'S APPLICATION FOR
ORDER SHORTENING TIME

23.     Finally, the proposed order shortening time includes a paragraph that it will be without prejudice to parties objecting to the notice period at the February 4, 2020 hearing.

WHEREFORE, the Debtor respectfully requests that cause exists for the relief requested herein and that the Court grant the relief requested.

Dated: January 22, 2020

FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP

By:/s/ Thomas A. Willoughby
    THOMAS A. WILLOUGHBY
    Attorneys for
    Hill Top Real Estate, LLC

DEBTOR'S APPLICATION FOR
ORDER SHORTENING TIME