**6 Pages**

THOMAS A. WILLOUGHBY, State Bar No. 137597
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
twilloughby@ffwplaw.com
jniemann@ffwplaw.com

Attorneys for Hill Top Real Estate, LLC,
Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>HILL TOP REAL ESTATE, LLC, a California limited liability company,<br><br>Debtor-In-Possession. | CASE NO.: 19-27845-A-11<br><br>Chapter 11<br><br>DCN: FWP-5<br><br>Date: February 4, 2020<br>Time: 9:00 a.m.<br>Courtroom: 28<br>           501 I Street, 6th Floor<br>           Sacramento, CA |

**DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE AND TO RETAIN JURISDICTION TO ADJUDICATE FEE APPLICATIONS**

Hill Top Real Estate, LLC, a California limited liability company, the Debtor and Debtor-in-Possession herein (the "Debtor") in the above-referenced Chapter 11 case (the "Case"), hereby files this Motion to Dismiss Chapter 11 Case and to Retain Jurisdiction to Adjudicate Fee Applications (the "Dismissal Motion") and respectfully represents as follows:

REQUEST FOR RELIEF

1. The Debtor respectfully requests that the Court:

    a. Dismiss this Case pursuant to 11 U.S.C. § 1112(b);

    b. Require the Debtor shall file all due monthly operating reports and pay all anticipated fees to the Office of the United States Trustee.

    c. Retain jurisdiction pursuant to 11 U.S.C. § 349(b) to hear and approve fee

applications ("Post-Dismissal Fee Applications") by professionals employed by ("Estate Professionals");

      d.    Set a bar date for filing Post-Dismissal Fee Applications for 30 days after entry of this Order on the Court's docket;

      e.    Authorize Estate Professionals to retain funds held in their respective trust accounts as post-petition retainers pending resolution of Post-Dismissal Fee Applications; and

      f.    Grant such other relief as is just and appropriate given the circumstances of the Dismissal Motion and this Case.

## SUMMARY OF MOTION

2. The Debtor filed the present Chapter 11 case to halt a foreclosure sale of the Subject Property (defined below).

3. Stonebriar (defined below), the foreclosing secured creditor, and the Debtor have reached a tentative agreement whereby Stonebriar would forebear from foreclosing on the Subject Property for 120 days while Stonebriar (the "Forbearance Period") if the Case is dismissed.

4. During the Forbearance Period, the Debtor and the other necessary and related medical practices and entities all of which constitute what is termed the "V5 Medical Campus" (described below) to negotiate a tentative agreement that would involve Stonebriar and other investors to advance additional funds to fund the successful completion of the V5 Medical Campus.

5. The tentative Stonebriar agreement to advance additional funds is also conditioned on the dismissal of the Case.

6. The Debtor's schedules describe more than one million in unsecured debt (Docket No. 51), claims that will almost assuredly not be paid but for the successful completion and operation of the V5 Medical Campus.

7. As such, the Debtor strongly believes that it is in the best interest of creditors and parties in interest to dismiss the present case and use the Forbearance Period to put together a global resolution of all the issues facing the Debtor and the other entities and creditors involved in the V5 Medical Campus development.

## JURISDICTION AND VENUE

1. The statutory bases for the relief requested herein are pursuant to sections 105(a), 349, and 1112(b) of title 11 of the United States Code, and Rules 1017, 2002, and 9013 of the Federal Rules of Bankruptcy Procedure.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. The primary asset of the Debtor, the Subject Property (defined below), as well as the principal place of business of the Debtor, are located in Folsom, California. The venue for the Case is proper in the Eastern District of California.

## BACKGROUND

4. The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on December 20, 2019 (the "Petition Date").

5. The Debtor is operating and managing its business as a debtor-in-possession pursuant to the provisions of Sections 1107 and 1108 of the Bankruptcy Code

6. The Debtor owns real property located at 1050 Iron Point Road, Folsom, California (the "Subject Property"), which ultimately will house six different inter-related medical practices as follows:

    a. An existing Family Practice and Sports Medicine group ("Elevation Physicians"), which is operated by Dr. Hill, the Manager of the Debtor;

    b. An Emergent Care practice that can provide medical care and advance diagnostic testing throughout the day and evening—without the wait or expense of an emergency room;

    c. An existing movement and cognition lab that provides state-of-the-art metabolic, strength and agility testing to help prevent and manage disease;

    d. An existing full-service pharmacy;

    e. A full-service imaging center that will feature state-of-the-art MRI, X-ray, ultrasound, low radiation CT and DEXA (high-precision x-ray that measures bone density) scans; and

   f. An on-site lab that will offer full-spectrum analysis and results of tests while the patient waits.

7. The Debtor plans to house all six of these practices at the Debtor's real property (the "V5 Medical Campus").

8. The Debtor's concept to house these six inter-related medical practices under one roof lies with the economies of scale that will enable the provision of testing and scanning services to patients at a fraction of the cost for such services at a full-service hospital.

9. The scanning and testing services at the V5 Medical Campus will also help reduce the significant delays patients in the Folsom, and greater Sacramento area face in obtaining critical scans, especially cancer scanning.

10. The Debtor has no patients and no medical records. Its business involves the ownership of the Subject Property to be the home of the V5 Medical Campus and approximately $3,000,000 in medical and office equipment to be leased to medical office tenants of the V5 Medical Campus.

11. The Debtor filed the Case to stop a foreclosure sale of the Subject Property.

## DIMSSIAL IS IN BEST INTEREST OF CREDITORS AND PARTIES IN INTEREST

12. Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest, the court shall convert or dismiss a Chapter 11 case, "whichever is in the best interest of creditors and the estate, for cause . . ." or appoint a "trustee or an examiner" if the Court determines such appointment would be in the best interest of creditors and the estate.

13. The Debtor respectfully submits that cause exists to dismiss the present Case as opposed to conversion or dismissal.

14. As described in the Declaration of the Debtor's CRO, David Carter, filed concurrently herewith (the "Carter Declaration"), since the filing, the Debtor has received no income from rents and does not anticipate any income from rents during the pendency of this Chapter 11 Case with which it can pay the minimal operating costs of operation. Carter Declaration, ¶10.

15. To operate and fund the required fees and costs of a Chapter 11 case, the Debtor has been seeking a Debtor in Possession financing of approximately $125,000. Additional funding would be required to exit Chapter 11. Carter Declaration ¶ 11.

16. Since the Petition Date, the Debtor has been in negotiations with multiple potential investor/lender groups, as well as the Debtor's existing secured creditor SCF NBL LCC ("Stonebriar"). Carter Declaration ¶ 12 and 15.

17. Stonebriar and the Debtor have entered into a tentative agreement whereby Stonebriar would agree to forebear from foreclosing on the Subject Property for 120 days, but a condition of the agreement is that the present Case be dismissed promptly. The draft Forbearance Agreement is attached as Exhibit 1 to the Exhibit Document, filed concurrently herewith. *See also* Carter Declaration ¶ 13.

18. Stonebriar and Jeffrey Von Hill, DO PA (aka "Elevation Physicians") are also in negotiations regarding a separate line of credit that would allow Elevation Physicians to fund the maintenance of the Subject Property during the 120-day forbearance period while all parties and potential investors can negotiate an overall resolution and restructuring of the debt of the Debtor and the other related entities in the V5 Medical Campus. Carter Declaration ¶ 14.

19. The restructuring of the debt of the Debtor and the other entities is necessary to complete the development of the V5 Medical Campus so that it can service the debt of the various entities involved, including the Debtor. Carter Declaration ¶ 17.

20. The lack of any income during the Case also hampers the Debtor and related parties in their effort to cure the lack of cash flow to the Debtor. Carter Declaration ¶ 10.

21. After consideration of all the options, the Debtor has concluded that the best possible chance for the creditors and other stakeholders, is to dismiss the Case and use the 120-day forbearance agreement outside of Chapter 11 to restructure all the debt consensually not just with the Debtor but with the related entities and their creditors. Carter Declaration ¶ 17.

///

///

///

## REMAINING DUE DILIGENCE PRIOR TO HEARING

22.     The Forbearance Agreement contains representations attesting to the validity of the Stonebriar liens.

23.     The Debtor, however, has not completed its due diligence as to the validity of the Stonebriar liens but has requested all loan and perfection documents from Stonebriar and will complete such analysis before the hearing on this matter. Carter Declaration, ¶16.

24.     If any issues arise, the Debtor will supplement this Motion.

## RETENTION OF JURISDICTION IS APPROPRIATE TO ADJUDICATE FEE APPLICATIONS

25.     Section 349(b) of the Bankruptcy Code contemplates the reservation of jurisdiction over matters after the dismissal of the Bankruptcy Case "for cause."

26.     Courts often adjudicate the appropriate reasonable fee for estate compensated professionals after dismissal. *See, e.g., In re Advanced Computer Tech. Art., Inc.* 2013 Bankr. LEXIS 4329, 2013i WL 5661203 (Bankr. Dist. Puerto Rico 2013) ("courts may determine compensation propriety in an underlying bankruptcy case post-dismissal by explicitly retaining jurisdiction in its dismissal order) *citing In re Quaker Distributors Inc* ., 189 B.R. 63, 66 (Bankr.E.D.Pa.1995) (court retained jurisdiction over professional compensation in its initial dismissal order); *In The Matter Of Mandalay Shores Cooperative Housing Association,* 60 B.R. 22 (Bankr. Mid. Dist. Fla 1986) (Court refused to order the turnover of the retainers of estate compensated professionals after dismissal to a subsequent receiver).

WHEREFORE, the Debtor respectfully requests that cause exists for the relief requested herein and that the Court grant the relief requested.

Dated: January 24, 2020                FELDERSTEIN FITZGERALD
                                        WILLOUGHBY PASCUZZI & RIOS LLP


                                        By: */s/ Thomas A. Willoughby*
                                        THOMAS A. WILLOUGHBY
                                        Attorneys for Hill Top Real Estate, LLC