**11 Pages**

THOMAS A. WILLOUGHBY, State Bar No. 137597
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
twilloughby@ffwplaw.com
jniemann@ffwplaw.com

Attorneys for Hill Top Real Estate, LLC,
Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>HILL TOP REAL ESTATE, LLC, a California limited liability company,<br><br>Debtor-In-Possession. | CASE NO.: 19-27845-A-11<br><br>Chapter 11<br><br>DCN: FWP-6<br><br>Date: April 14, 2020<br>Time: 9:00 a.m.<br>Courtroom: 28<br>     501 I Street, 6th Floor<br>     Sacramento, CA |

**FIRST AND FINAL MOTION OF FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP FOR ALLOWANCE OF
ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES
AS CHAPTER 11 BANKRUPTCY COUNSEL**

The law firm of Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP ("Counsel" or "FFWPR"), the attorneys for Hill Top Real Estate, LLC, the Debtor in the above-referenced case (the "Debtor" or "Hill Top"), submits this Motion ("Motion") for first and final allowance of attorneys' fees in the amount of $69,336.50 and reimbursement of expenses in the amount of $585.26 for a total of $69,921.76 for the period of December 20, 2019, through and including February 26, 2020 (the "Motion Period"). In support of this Motion, FFWPR relies on the memorandum of points and authorities below, the Declaration of Thomas A. Willoughby ("Willoughby Decl.") and Statement of Review of Billing Statements of David Carter ("Carter Stmt.") filed in support of this Motion, on the pleadings and papers on file in this case, and on

such other evidence and argument as may be submitted before or during the hearing on this Motion.

## BACKGROUND FACTS AND CASE STATUS

The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on December 20, 2019 (the "Petition Date").

On March 2, 2018, the Bankruptcy Court entered its order approving the Debtor's employment of FFWPR as counsel for the Debtor effective as of December 20, 2019 (Docket No. 59).

The Debtor had no patients and no medical records. Its business involved the ownership of real property located at 1050 Iron Point Road, Folsom, California (the "Subject Property") to be the home of the V5 Medical Campus and approximately $3,000,000 in medical and office equipment to be leased to medical office tenants of the V5 Medical Campus.

The Debtor filed this case to stop a foreclosure sale of the Subject Property.

On January 24, 2020, the Debtor filed its Motion to Dismiss Chapter 11 Case and to Retain Jurisdiction to Adjudicate Fee Applications (Docket No. 77). On February 5, 2020 this Court entered its Order Approving Debtor's Motion to Dismiss Chapter 11 Case and to Retain Jurisdiction to Adjudicate Fee Applications (Docket No.97).

The Debtor believes that all administrative claims other than the professional fees have been fully paid during the bankruptcy case. The only funds to pay FFWPR's final fee application are the $40,000 fee deposit. Payment of the excess funds requested to FFWPR and to the Chief Restructuring Officer whose fee application is filed herewith are contingent on the Debtor's ability to sell or refinance assets outside of this Bankruptcy case.

## SERVICES RENDERED

The services performed by Counsel in this case have been categorized into task billing categories. A list of the categories used for coding and the amounts calculated for each category during the Motion Period is as follows:

///

///

| CATEGORY | HOURS | FEES |
|---|---|---|
| Administration | 8.8 | $3,950.00 |
| Asset Analysis and Recovery | 12.6 | $6,615.00 |
| Assumption/Rejection of Leases and Contracts | .6 | $315.00 |
| Business Operations | 12.7 | $4,081.50 |
| Case Administration (official administrator tasks, such as schedules, the 341 meeting, monthly reports etc.) | 72.7 | $25,953.50 |
| Dismissal of Case (billed under Plan and Disclosure Statement category) | 15.1 | $7,711.50 |
| Fee/Employment Applications | 16.1 | $6,482.50 |
| Financing/Cash Collections | 27.1 | $14,227.50 |
| **Totals** | **165.7** | **$69,336.50** |

The services performed by Counsel in each category, along with a breakdown of the professionals that performed the services, are as follows:

  A. <u>Administration</u>.  Counsel expended 8.8 hours in this category for a total charge of $3,950.00.  The services performed in this category generally included, but were not limited to, participating in numerous telephone conferences and email exchanges with the Debtor and the Debtor's professionals regarding case status and strategy.

  A breakdown of the professionals who billed time to Category A and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 5.8 | $3,045.00 |
| Jennifer E. Niemann | $395 | 1.6 | $632.00 |
| Karen L. Widder | $195 | 1.4 | $273.00 |
| **Totals** | | **8.8** | **$3,950.00** |

  B. <u>Asset Analysis & Recovery</u>.  Counsel expended 12.6 hours in this category for a total charge of $6,615.00.  The services performed in this category generally included, but were not limited to, participating in numerous telephone conferences and email exchanges with the Debtor and the Debtor's professionals regarding the strategy for and status of locating

1 potential buyers and/or investors in the Debtor's business.

2        A breakdown of the professionals who billed time to Category B and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 12.6 | $6,615.00 |
| **Totals** | | **12.6** | **$6,615.00** |

       C.     <u>Assumption/Rejection of Lease and Contracts</u>. Counsel expended .6 hours in this category for a total charge of $315.00. The services performed in this category generally included, but were not limited to, researching issue regarding bankruptcy assumption of lease and protection for a new tenant in light of existing secured debt.

       A breakdown of the professionals who billed time to Category C and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | .6 | $315.00 |
| **Totals** | | **.6** | **$315.00** |

       D.     <u>Business Operations</u>. Counsel expended 12.7 hours in this category for a total charge of $4,081.50. The services performed in this category generally included, but were not limited to, drafting, filing and serving a motion to approve adequate assurance payment to SMUD ("Utility Motion"); drafting, filing and serving a supplement to the Utility Motion; drafting, filing and serving a declaration of David Carter regarding no need for the Court to appoint an Ombudsman; and participating in negotiations with SMUD regarding deposit issue.

       A breakdown of the professionals who billed time to Category D and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 2.5 | $1,312.50 |
| Jennifer E. Niemann | $395 | 3.9 | $1,540.50 |
| Karen L. Widder | $195 | 6.3 | $1,228.50 |
| **Totals** | | **12.7** | **$4,081.50** |

E. <u>Case Administration</u>. Counsel expended 72.7 hours in this category for a total charge of $25,953.50. The services performed in this category generally included, but were not limited to, working with the Debtor and the Debtor's professionals on obtaining the information necessary to prepare the Schedules and SOFA and obtaining and assembling the documents requested by the U.S. Trustee's Office for the IDI; drafting a letter to Jason Blumberg of the U.S. Trustee's Office to explain the case background and why an ombudsman is not necessary; drafting email correspondence to U.S. Bank regarding equipment repossession; drafting, filing and serving a motion to extend the time to file the Schedules and SOFA; preparing for and attending the IDI and the 341 meeting of creditors; and drafting the final monthly operating report.

A breakdown of the professionals who billed time to Category E and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 18.9 | $9,922.50 |
| Jennifer E. Niemann | $395 | 27.7 | $10,941.50 |
| Karen L. Widder | $195 | 26.1 | $5,089.50 |
| **Totals** | | **72.7** | **$25,953.50** |

F. <u>Dismissal of Case (billed under "Plan and Disclosure Statement category)</u>. Counsel expended 15.1 hours in this category for a total charge of $7,711.50. The services performed in this category generally included, but were not limited to, drafting, filing and serving a motion to dismiss the case and an application for an order shortening time for hearing on same; preparing for and attending the hearing on the motion to dismiss the case; negotiating, drafting and submitting order dismissing case; and working on case dismissal issues.

A breakdown of the professionals who billed time to Category F and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 13.9 | $7,297.50 |
| Jennifer E. Niemann | $395 | .9 | $355.50 |

| Karen L. Widder | $195 | .3 | $58.50 |
|---|---|---|---|
| **Totals** | | **15.1** | **$7,711.50** |

G. <u>Fee/Employment Applications</u>. Counsel expended 16.1 hours in this category for a total charge of $6,482.50. The services performed in this category generally included, but were not limited to, drafting, filing and serving the application to employ FFWP; drafting, filing and serving the motion to approve employment of David Carter as CRO; negotiating, drafting, and submitting order authorizing employment of David Carter as CRO; and drafting first and final fee applications of David Carter and FFWPR.

A breakdown of the professionals who billed time to Category G and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 9.1 | $4,777.50 |
| Jennifer E. Niemann | $395 | 1.7 | $671.50 |
| Karen L. Widder | $195 | 5.3 | $1,033.50 |
| **Totals** | | **16.1** | **$6,482.50** |

H. <u>Financing/Cash Collections</u>. Counsel expended 27.1 hours in this category for a total charge of $14,227.50. The services performed by Counsel in this category during the period covered by this Motion generally included, but were not limited to, participating in telephone conferences with counsel for the Debtor's secured creditor regarding case filing and case issues; participating in a call with a potential DIP lender; and participating in negotiations with the counsel for the Debtor's secured lender on the terms of a forbearance agreement.

A breakdown of the professionals who billed time to Category H and the number of hours billed by each is as follows:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 27.1 | $14,227.50 |
| **Totals** | | **27.1** | **$14,227.50** |

///

///

## STATEMENT OF FEES AND EXPENSES

Detailed reports itemizing services rendered and expenses incurred by Counsel are attached as Exhibit A to the Willoughby Decl. Exhibit A reflects a total of fees in the amount of $69,336.50 and reimbursement of expenses in the amount of $585.26 for a total of $69,921.76 for the period of December 20, 2019, through and including February 26, 2020.

## RESPONSIBLE PERSONNEL

The professionals assigned to this chapter 11 case who performed more than five (5) hours of service are as follows:

Thomas A. Willoughby (TAW) is the partner primarily charged with the overall responsibility for this case. Mr. Willoughby's billing rate during the period covered by this Motion was $495 per hour. Mr. Willoughby has been a partner in the firm of Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP since January 1, 1999. Prior to that, Mr. Willoughby was a partner in the firm of Diepenbrock, Wulff, Plant & Hannegan, LLP from 1996 until December 31, 1998. Mr. Willoughby obtained his B.A. degree in economics from the University of California, Los Angeles, in 1985, and his J.D. degree from the University of California, Davis, in 1988. Mr. Willoughby is a member of the National Association of Bankruptcy Trustees, and the Bankruptcy Dispute Resolution Panel for the United States Bankruptcy Court for the Eastern District of California. Mr. Willoughby has previously served on the Debtor/Creditor Committee of the State Bar of California's Business Law Section and the Board of Directors of the Sacramento Valley Bankruptcy Forum. He also served on the Attorney Advisory Committee to the United States Bankruptcy Court Clerk's Office for the Eastern District of California and the Chapter 11 Liaison Committee to the Office of the U.S. Trustee. He also served as an associate editor of the U.C. Davis Law Review.

Jennifer E. Niemann (JEN), counsel, assisted with research and drafting pleadings as needed. Ms. Niemann's billing rate during the period covered by this application was $395 per hour. Ms. Niemann earned her B.A. degree in Economics from the University of Illinois at Urbana-Champaign in 1986 and her J.D. from Harvard Law School in 1989. Prior to joining FFWPR, Ms. Niemann served as a long-term judicial law clerk at the United States Bankruptcy

Court for the Northern District of California in San Francisco as well as in San Jose.

Karen L. Widder (KLW) is a legal assistant who assisted with drafting pleadings as needed in this case. Her billing rate during the period covered by this Motion was $195 per hour. Ms. Widder has served as a legal assistant to bankruptcy, creditors' rights, and commercial litigation attorneys since 1977, and has extensive experience in chapter 7, 11, and 13 bankruptcy cases for all types of business entities. Ms. Widder earned her Associate Degree as a Legal Secretary from Portland Community College in 1977. Additionally, she received extensive training through Portland Community College's Legal Assistant Program.

## SUMMARY OF FEES AND EXPENSES

Fees. Exhibit A to the Willoughby Decl. contains reproductions of time sheets and cost records kept in the regular course of business for services rendered to the Debtor. The total fees and expenses incurred and recorded by Counsel in this case during the period covered by this Motion, for which compensation is sought, are set forth in Exhibit A:

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Thomas A. Willoughby | $495 | 90.5 | $47,512.50 |
| Jennifer E. Niemann | $395 | 35.8 | $14,141.00 |
| Karen L. Widder | $195 | 39.4 | $7,683.00 |
| **Totals** | | **165.7** | **$69,336.50** |

Counsel has calculated a blended hourly rate of $418.45 by dividing the total fees billed by the total number of hours recorded. This relatively low blended rate demonstrates Counsel's effective use of professionals at various billing rates.

Expenses. The expenses incurred during the period covered by this Motion are as follows:

| Category | Total |
|---|---|
| Photocopies @ $.10 per page) | $184.10 |
| Postage | $130.70 |
| On-Line Legal Research (UCC searches, Lexis-Nexis, etc.) | $270.46 |
| **Total** | **$585.26** |

Counsel requests an order under Bankruptcy Code Section 330 finally approving fees in

the amount of $69,336.50 and reimbursement of expenses in the amount of $585.26 for a total of $69,921.76 for the period of December 20, 2019, through and including February 26, 2020, as fair, reasonable, and necessary to the estate.

**FACTORS TO CONSIDER**

The Employment Order approved Counsel's employment on a compensation basis that would allow payment for services rendered on an hourly rate consistent with the 9th Circuit Decision in *In re Manoa Fin. Co.,* 853 F2d 687 (9th Cir. 1988), after notice to all interested parties. Consistent with the *Manoa* Decision, various factors were suggested by the Court in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) for consideration in awarding compensation in a bankruptcy case. Though not specifically required for approval under the lodestar or *Manoa Fin. Co.* case, several of the *Johnson* factors have been specifically codified by the Bankruptcy Reform Act of 1994 and as such, these factors are discussed below:

**(a) Time and labor required (11 U.S.C. § 330(a)(3)(A))**: Counsel has utilized two attorneys and one legal assistant who have expended 165.7 hours during this three-month period.

**(b) Novelty and difficulty of the questions (11 U.S.C. § 330(a)(3)(D))**: This case involves many of the technical and complex problems that often arise in a bankruptcy case. Counsel requests that the Court take judicial notice of all the papers on file in this case that detail the types of issues faced and resolved by Counsel to date.

**(c) Skill requisite to perform the services properly (11 U.S.C. § 330(a)(3)(D))**: Counsel is skilled in handling complex chapter 11 cases and has special knowledge which enables Counsel to render services of benefit to the estate. The attorneys and legal assistants who have contributed to this case have many years of combined experience in similarly complicated cases.

**(d) Customary fees (11 U.S.C. §§ 330(a)(3)(B and E))**: The rates charged by Counsel are below Counsel's standard billing rates, which standard rates are the same rates as generally used by Counsel with respect to its non-debtor/trustee clients. The rates also are similar to the normal charges for similar work performed by similarly experienced and skilled attorneys

and legal assistants in the Eastern District of California bankruptcy courts.  Counsel requests that the Court take judicial notice of the rates generally charged and approved in fee applications before this Court and other cases in the Eastern District of California.

**(e)  Amount of work involved and result obtained (11 U.S.C. § 330(a)(3)(D))**:  As stated above, Counsel has expended 165.7 hours on behalf of the Debtor during the period covered by this Motion performing the services described herein.  As a result of Counsel's efforts, the Debtor's Plan has now been confirmed and gone Effective.

**(f)  Experience, reputation, and ability of counsel**:  Counsel has many years' experience handling complex bankruptcy reorganizations, workouts, and commercial law cases.  Counsel also enjoys a reputation for quality work and integrity in the legal community and before this Court.

**(g)  Professional relationship with the client**:  Other than as disclosed in its application for approval of employment of counsel, Counsel had no prior relationship with the U.S. Trustee, the Debtor, its officers and directors, or its creditors.

**(h)  Awards in similar cases (11 U.S.C. § 330(a)(3)(F))**:  The compensation sought by this Motion is consistent with that authorized in similar cases.

In addition to the foregoing *Johnson* factors, section 330 also examines whether the services were:

**(i)  Necessary to the Administration of the Bankruptcy Case (11 U.S.C. § 330(a)(3)(C))**:  All of Counsel's services have been required and have benefited the estate.  Counsel's services were necessary to the administration of this case.

**PAYMENTS RECEIVED TO DATE; AVAILABILITY OF FUNDS**

With respect to the Bankruptcy Rule 2016(a) requirements for attorney fee applications, Felderstein Fitzgerald Willoughby & Pascuzzi LLP has not received any payments to date in this case from any source except for a fee deposit from the Debtor, of which $40,000.00 remained on the Petition Date (the "Fee Deposit").

With respect to Bankruptcy Rule 2016(b), Felderstein Fitzgerald Willoughby & Pascuzzi LLP has not entered into any agreement, express or implied, with any other party-in-interest,

including the Debtor, any creditors, or any representative of them, or with any attorney or accountant for such party-in-interest for the purpose of fixing fees or other compensation to be paid for services rendered or expenses incurred in connection with this case, and no agreement or understanding exists between Counsel and any other person for the sharing of the compensation to be received for services rendered in, or in connection with, this case.

**SUMMARY OF PRIOR FEE MOTIONS**

This is Counsel's first and final fee motion so no previous motions have been filed.

**CONCLUSION**

Based on all of the above, Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP and the Debtor respectfully request this Court to enter its order approving on a final basis the compensation sought and reimbursement of expenses requested as fair, reasonable, and necessary to the estate, and entering an order specifically providing as follows:

1. Approving on a final basis attorneys' fees in the amount of $69,336.50 and reimbursement of expenses in the amount of $585.26 for a total of $69,921.76 for the period of December 20, 2019, through and including February 26, 2020, as fair, reasonable and necessary to the estate;

2. Authorizing and directing Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP to apply the funds being held in the Fee Deposit to the approved fees in this case;

3. Authorizing and directing the Debtor to pay Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP the balance of all approved fees and expenses out of available cash in the estate; and

4. For such other and further relief as the Court deems just.

Dated: March 5, 2020

        FELDERSTEIN FITZGERALD
        WILLOUGHBY PASCUZZI & RIOS LLP


        By:*/s/ Thomas A. Willoughby*
          THOMAS A. WILLOUGHBY
          Attorneys for the Debtor

FFWPR SECOND AND FINAL FEE MOTION